UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SKYLER STEELE, | No. 2:21-cv-0062 AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SHASTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and he will be given an opportunity to amend the complaint.

I.   APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. THE COMPLAINT

Plaintiff is presently incarcerated at the Lassen County Jail, but his claims arise during his incarceration at Shasta County Jail.[1] Plaintiff proceeds against the following defendants: (1) Shasta County; (2) Shasta County Jail ("Jail"); and (3) Shasta County Sheriff ("Sheriff").

Plaintiff presents two claims in the complaint. He first alleges that Shasta County does not have a County Board of Parole, that Sheriff denied plaintiff his right to apply for the County Board of Parole, and the Jail informed plaintiff that Shasta County does not offer a county parole program. Compl. at 2. Plaintiff cites California Penal Code §§ 3074-3089 in support of this claim. Those sections provide for the make-up and conduct of County Boards of Parole. Section 3076 requires each Board to create rules and regulations setting out the grounds for providing a prisoner parole. That section further requires correctional facilities to post these rules and

---

[1] The Court presumes that plaintiff was a convicted prisoner at all times relevant to this action. If plaintiff was a pre-trial detainee, he shall so inform the Court in an amended complaint.

regulations in a conspicuous place or provide each inmate with a copy. Under section 3077, a prisoner may only seek parole from the Board of Parole in the county that sentenced him.

In his second claim, plaintiff alleges that Shasta County is housing him in a facility that does not follow the rules regarding COVID-19 safety. He states that he is "confined in a facility with no quarantine [sic] or social distancing or safety measures." Compl. at 4.

For relief, plaintiff seeks receipt of the benefits highlighted by the California Legislature in enacting California Penal Code §§ 3074-3089. Plaintiff also seeks damages.

## IV. FAILURE TO STATE A CLAIM

### A. Claim One: Failure to Offer Parole

Plaintiff alleges that he is unable to seek parole from defendants because they do not permit parole.[2] He further alleges that the Penal Code sections he cites require defendants to do so. Whether or not the Sheriff and Shasta County entities are complying with state law is not an issue that may be raised in a § 1983 action in this court. Cf. Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming dismissal of petitioner's claim that he was entitled to compassionate release because an assertion that state officials failed to follow state law is not cognizable in federal court). In a § 1983 action, plaintiff may only allege claims that a defendant has violated his rights under the United States Constitution. Plaintiff fails to do so, and the court finds no basis upon which he could amend this claim. Should plaintiff reassert this claim in an amended complaint, the court will recommend that it be dismissed without leave to amend.

### B. Claim Two: Failure to Protect

Plaintiff's second claim appears to allege a violation of an Eighth Amendment right to protection by prison officials from serious communicable diseases. See e.g., Helling v. McKinney, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Hutto v. Finney, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed

---

[2] The court assumes plaintiff was sentenced in Shasta County. See Cal. Penal Code § 3077 ("Whenever a prisoner is sentenced in one county and incarcerated in another county, only the county in which he was sentenced shall have jurisdiction to grant parole.").

individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases - HIV, Hepatitis C, and Heliobacter pylori - and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Hall, 516 F. Supp. 2d 1161, 1179 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).  There is no question that COVID-19 is a serious communicable disease, and courts have so held.  See Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); Kuykendall v. Sup. Ct. of Cal., No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020).

However, plaintiff has not alleged facts demonstrating that he has been subjected to a high risk of exposure to COVID-19.  Although plaintiff states that he was held in a facility that did not follow COVID-19 rules and guidelines, he fails to show that he was subjected to close contact with inmates who have tested positive.  Plaintiff may amend his complaint to allege facts that meet this standard.

### C. Link Between Defendants and the Harm to Plaintiff

Lastly, to state a claim under § 1983, plaintiff must show that each defendant took an action that caused plaintiff harm.  Here, plaintiff names the Sheriff and two entity defendants.  As for the Sheriff, "[l]iability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  Additionally, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing either defendants' personal involvement in the alleged

violation of his rights or a causal connection between defendants' conduct and the violation, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  It appears that Sheriff has been named based solely on their supervisory position, which is insufficient to state a claim for relief.

Even were the court to construe plaintiff's complaint as asserting that this supervisory official failed to act to prevent the spread of the COVID-19 virus in the prison, courts in this district have repeatedly held that such general allegations fail to state a claim.  Booth v. Newsom, No. 20-cv-1562 AC P, 2020 WL 6741730, at *2-3 (E.D. Cal. Nov. 17, 2020) (sua sponte dismissing Eighth Amendment claims against the Governor for "failing to provide adequate means for prisoners to reduce their exposure to COVID-19"), Blackwell v. Covello, No. 20-cv-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (generalized allegations that warden had not done enough to control the spread of Covid-19 in the prison failed to state an Eighth Amendment claim), and Benitez v. Sierra Conservation Ctr., Warden, No. 21cv0370-BAM PC, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) ("In order to state a cognizable Eighth Amendment claim against the warden and the Health Executive Officer, Plaintiff must provide more than generalized allegations that the warden and the Health Executive Officer have not done enough regarding control the spread [of Covid-19]."), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021)).

To show that the entity defendants were responsible for harm to him, plaintiff must show that each one had responsibility for putting in place a policy or procedure that exposed plaintiff to COVID-19.  Plaintiff must describe just what the policy or procedure did, or did not do, that made it more likely plaintiff could contract COVID-19.  Plaintiff has not met this requirement here.  He must also allege facts showing that each defendant knew, or should have known, when the policy or procedure was enacted that it placed plaintiff at serious risk of harm.  In other words, plaintiff must allege specific facts that show defendants were deliberately indifferent to the risk to plaintiff of contracting COVID-19.

////

////

1  V.  LEAVE TO AMEND

2  For the reasons set forth above, the court finds that the complaint does not state any cognizable claims.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.  PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.  To state a claim for deliberate indifference, you must

7

allege facts showing that each defendant was aware of a risk to your health and safety and ignored that risk. To state an Eighth Amendment violation, a plaintiff must show more than negligence on the part of defendants. Rather, he must show that defendants took actions in deliberate indifference to the serious health consequences to plaintiff.

If you choose to amend your complaint, the first amended complaint must include all the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 6, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Lassen County filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: December 6, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE